UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

KIRK THOMAS,

                                        Case No.:

    Plaintiff,

v

U.S.A. AIR DUCT CLEANERS, LLC,

    Defendant.
_____/

## COLLECTIVE ACTION COMPLAINT

Plaintiff Kirk Thomas, on behalf of himself and all other similarly situated employees, alleges violation of the Fair Labor Standards Act 29 U.S.C. § 201 *et seq.* ("FLSA") against Defendant U.S.A. Air Duct Cleaners, LLC for failure to pay overtime compensation.

### PARTIES

1. Plaintiff is a resident of Broward County, Florida.

2. Defendant is a Florida limited liability company with its principal place of business at 2231 Griffin Road, Fort Lauderdale, FL 33312.

3. The similarly situated individuals ("Class") who may become a Plaintiff in this action are Defendant's non-exempt employees who have worked in excess of (40) hours during one or more work weeks within the last 3 years and did not receive overtime pay for all hours worked over (40) in one or more work weeks.

### VENUE AND JURISDICTION

4. This Honorable Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises out of the FLSA, a federal statute.

1

5. This Honorable Court has personal jurisdiction because Defendant conducts business in Broward County, Florida and its employment of the Plaintiff in Florida made it foreseeable that Defendant would be haled into a Florida court.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced and because its contacts with this District are sufficient to subject it to personal jurisdiction.

## FACTUAL ALLEGATIONS

7. Defendant hired Plaintiff as an employee in approximately June 2015.

8. Plaintiff worked for Defendant continuously until approximately July 2016.

9. While working for Defendant, Plaintiff and the Class performed non-exempt duties as a service technician. Specifically, Plaintiff's job duties included but were not limited to repairing air conditioning units, cleaning air conditioning ducts, responding to customer service complaints etc.

10. Defendant paid Plaintiff a flat daily rate of $150.00 per day, regardless of the number of hours Plaintiff worked.

11. Defendant never compensated Plaintiff or the Class at an overtime rate, despite the fact that they routinely worked fifty hours per week.

12. Defendant is a company that performs air duct cleaning and repair service that suffers persons such as Plaintiff and the Class to labor on its behalf for its business.

13. Defendant utilizes vehicles that were manufactured outside of the state of Florida in its day to day operations, and also orders air conditioning parts from outside of the state of Florida to perform installation and repairs at residential and commercial accounts within the state

of Florida. Accordingly, Defendant engaged in interstate commerce or in the production of interstate commerce as defined by the Act, 29 U.S.C. §203(r) and 203 (s).

14. At all material times, Defendant directly or indirectly acted as an employer towards Plaintiff and the Class, including without limitation directly or indirectly controlling the terms of the Class and Plaintiff's employment.

15. At all times material hereto, Plaintiff and the Class performed duties for the benefit of and on behalf of Defendant.

16. This cause of action is brought to recover from Defendant overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b) on behalf of Plaintiff and the Class during the material time.

17. The records, if any, concerning the number of hours Plaintiff and the Class are in the possession and custody of Defendant.

18. The records, if any, concerning the compensation Defendant paid Plaintiff and the Class are in the possession and custody of Defendant.

19. Based upon information and belief, Defendant's annual gross sales volume exceeded $500,000.00 per annum. Alternatively, Plaintiff worked in interstate commerce so as to fall within the protections of the Act.

20. At all times, Defendant failed to comply with Title 29 U.S.C. §201 *et seq*. because it failed to pay compensation that Plaintiff was lawfully entitled to receive for performing services and labor for Defendant in excess of forty hours within a work week.

21. Plaintiff has retained the law office of Consumer Law Organization, PA to represent him individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

22. Plaintiff realleges, and incorporates here by reference, the factual allegations as if fully set forth herein.

23. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour he worked in excess of forty hours per work week.

24. Defendant knowingly and willfully failed to pay Plaintiff and the Class one and one half times their regular rate of pay for all hours they worked in excess of forty hours per week.

25. Because of Defendant's intentional, willful, and unlawful acts, Plaintiff and the Class suffered monetary out-of-pocket damages and incurred costs and reasonable attorneys' fees.

26. Because of Defendant's willful violations, Plaintiff and the Class are entitled to liquidated damages.

**Plaintiff demands a jury trial.**

WHEREFORE, Plaintiff and the Class demand judgment against Defendant, for payment of compensation at one-half their regular rate of pay for the hours worked over forty in a work week, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief. In the event that liquidated judgment damages are not awarded, Plaintiff and the Class demands pre-judgment interest.

Dated: October 26, 2016                    Respectfully submitted,

                                                            /s J. Dennis Card Jr.

                                                            J. Dennis Card Jr., Esq.
                                                            Florida Bar No.  0487473
                                                            E-mail: Dcard@Consumerlaworg.com

Consumer Law Organization, P.A.
721 U.S. Highway 1, Suite 201
North Palm Beach, FL 33408
Telephone: (954) 921-9994
Facsimile: (305) 574-0132
Attorney for Plaintiff
