UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-62540-CIV-DIMITROULEAS/SNOW

KIRK THOMAS,

    Plaintiff,

vs.

USA AIR DUCT CLEANERS, INC.,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

    THIS CAUSE is before the Court on the Plaintiff's Verified Motion for Taxation of Attorney's Fees and Costs (ECF 57) and Supplemental Motion for Attorney's Fees (ECF No. 67), which were referred to United States Magistrate Judge, Lurana S. Snow, for Report and Recommendation. The Motions are fully briefed and it is ripe for consideration.

    This was a Fair Labor Standards Act (FLSA) action for overtime wages filed on October 27, 2016. Current counsel for the Defendant entered her appearance on June 23, 2017. On July 7, 2017, the Plaintiff filed a notice of settlement and on the same date, this Court entered an Order approving the settlement and dismissing the case with prejudice. (ECF No. 50, 56, 58) The Plaintiff seeks an award of attorney's fees in the amount of $41,990.00, based on 104.9 hours of work by attorney J. Dennis Card at $400.00 per hour, plus $4,160.00 in fees incurred in connection with the initial motion and other matters, based on 10.9 hours at the same billing rate. The Plaintiff also requests taxation of costs in the amount of $1,485.80, representing the $400.00 filing fee, $45.00 for service of process and $1,040.80 for transcripts.[1]

---

[1] The supporting documentation for the initial Motion is attached the parties' Joint Motion for Settlement (ECF No. 56-2 - 56-5) and to Plaintiff's Notice of Compliance With This Court's Order [D.E. 68] Entered August 8, 2017 (ECF No. 69-1).

The Defendant opposes the initial Motion, arguing that this case could have been settled in February 2017, and that fees should be limited to those incurred prior to that time, or prior to May 18, 2017, when the Defendant tendered its offer of judgment. Alternatively, the Defendant asks this Court to award a lower fee because counsel for the Plaintiff expended longer than necessary on many tasks, engaged in block billing and billed for administrative/clerical tasks. The Defendant did not provide line-by-line objections to counsel's billing statements, but did provide examples of each category of objection. The Defendant also opposes the Supplemental Motion on the grounds that it covers matters that the Defendant argues are not compensable: the motion for clarification of this Court's Order of dismissal, negotiations with defense counsel related to fees and administrative issues related to the Plaintiff's settlement payment.

In his reply (entitled Plaintiff's Response to Defendant's Motion in Opposition to Plaintiff's Verified Motion for Taxation of Attorney's Fees and Costs), the Plaintiff asserts that settlement offers through March 2017 were far too low to be accepted, as was the offer of judgment filed in May 2017. He states that no reasonable offer was made until after substitute counsel filed an appearance on June 23, 2017.

## I. ANALYSIS

### A. Attorneys' Fees

This Court must calculate a reasonable attorney fee by utilizing the "lodestar" method described in Hensley v. Eckerhart, 461 U.S. 424 (1983), which held that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," since this computation "provides an objective basis on which to make an initial estimate of the value of a lawyer's services." Id. at 433.

The party seeking an award of fees should submit evidence supporting the hours worked and the hours claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly. A district court also should exclude from this initial fee calculation hours that were not "reasonably expended." Id. at 433-34. Therefore, counsel for the

prevailing party "should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." Id. at 434.

The Eleventh Circuit has adopted the lodestar approach as the method to be used in calculating federal statutory fee awards. Norman v. Housing Auth. of Montgomery, 836 F.2d 1292 (11th Cir. 1988). The court must begin by determining a reasonable hourly rate, which is defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Id. at 1299, citing Blum v. Stenson, 465 U.S. 886, 895 (1984). The applicant bears the burden of proving, by direct or opinion evidence, that the requested rate is in line with prevailing market rates. Norman, 836 F.2d at 1299.

The applicant also bears the burden of documenting his or her time expenditures, and may submit opinions as to their reasonableness. Id. at 1303. However, the court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Id. Moreover, where billing records are voluminous, "a district court may make a reasonable across the board reduction in hours instead of engaging in the pick and shovel work necessary to make a more precise determination." Kenny A. ex rel. Winn v. Perdue, 532 F.3d 1209, 1220 (11th Cir. 2008).

In the instant case, the Defendant has provided no persuasive authority for its argument that the Plaintiff's fees should be limited to those incurred prior to February 2017 or the date of which the Defendant tendered its offer of judgment. However, the undersigned finds that the claimed rate of $400.00 per hour exceeds the range of rates charged in the Southern District of Florida for similar services by lawyers of reasonably comparable skills, experience and reputation, and is higher than the $350.00 per hour awarded to Plaintiff's counsel by Judge Bloom last year.

Mr. Card was admitted to practice in this District in July 2002 and has extensive experience in handling FLSA cases. The undersigned finds that a reasonable hourly rate for his

services is $375.00.  After a careful review of the record in this cause and of Mr. Card's billing statements (ECF No. 56-5), the undersigned further finds that 100 hours is a reasonable amount of time to have spent on this case, including time spent on the initial Motion and other matters covered by the Supplemental Motion.  Accordingly, a reasonable fee award in this case is $37,500.00.

**B. Costs**

Pursuant to Fed.R.Civ.P. 54(d) and 28 U.S.C. § 1920, the Court shall award costs to the prevailing party in a lawsuit.  Rule 54(d) creates a presumption in favor of awarding costs, which the opposing party must overcome.  Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir. 1991).

Taxable costs are identified in 28 U.S.C. § 1920:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the cost of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The decision to award costs is discretionary with the Court, but the Court may tax items specifically enumerated in § 1920, absent alternative contractual or statutory authority. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987).

In the instant case, the Plaintiff seeks taxation of $1,485.80 in costs.  Of the costs claimed, the $400.00 filing fee clearly is taxable as a fee of the Clerk.  The Plaintiff also seeks to tax costs in the amount of $45.00 for service of process.  The Plaintiff utilized a private process server rather than having the Marshal serve the complaint on the defendants, but this is permissible

"provided the rate charged does not exceed the cost of having a U.S. Marshal effect service." <u>EEOC v. W & O, Inc.</u>, 213 F. 3d 600, 624 (11th Cir. 2000). The current rate charged by the U.S. Marshal is $65.00 per hour (or portion thereof) for each person served, plus travel costs and other out-of-pocket expenses. 28 C.F.R. § 0.114(a)(3). Since the claimed cost of $45.00 does not exceed that which would have been charged by the Marshal, it should be awarded.

The Plaintiff also seeks $1040.80 for the video deposition of Doron Ziv. (ECF No. 69-1 at 4-5) This cost includes $15.00 in courier fees and $34.60 for photocopies. Courts in this District have held that some costs related to depositions are not taxable because they were incurred for the convenience of counsel. <u>Klayman v. Freedom's Watch, Inc.</u>, 2008 WL 4194881 at *5-6 (S.D.Fla. Sept. 12, 1998) (expedited shipping, ASCII disks, e-transcripts, word index, condensed copy, CD-rom, real time hookup, additional DVDs and storage charges not recoverable); <u>RGF Environmental Group v. Activ Tek Environmental Corp.</u>, 2010 WL 3269982 at *3 (S.D.Fla. July 21, 2010) (deposition exhibits, delivery charges, expedited fees, postage costs, condensed transcripts, ASCII disks and copies of transcripts not recoverable); <u>Woods v. Deangelo Marine Exhaust Inc.</u>, 2010 WL 4116571 at *8 (S.D.Fla. Sept. 27, 2010) (court reporter charges related to the delivery of transcripts, handling of exhibits and CD copies not recoverable). Therefore, the transcript costs should be reduced by $49.60, for a total of $991.20.

## II. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that Plaintiff's Verified Motion for Taxation of Attorney's Fees and Costs (ECF 57) and Supplemental Motion for Attorney's Fees (ECF No. 67) be GRANTED, in part, and that the Plaintiff be awarded attorneys' fees in the amount of $37,500.00 (100 hours at $375.00 per hour) and costs in the amount of $1,436.20 ($1,485.80 - $49.60).

The parties will have 14 days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with The Honorable William

P. Dimitrouleas, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 22nd day of August, 2017.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:
All Counsel of Record